UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07CV54-3-V
(5:03CR5-1-V)

| | |
|---|---|
| **MARIO MONTOYA-LARA,** )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>Respondent. )<br>) | **O R D E R** |

**THIS MATTER** is before the Court on initial review of Petitioner's 28 U.S.C. § 2255 "Motion to Vacate, Set Aside, Or Correct Sentence," filed May 30, 2007 (Document No. 1.)

A review of the record reflects that on July 24, 2003, Petitioner pled guilty, pursuant to a plea agreement to one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841 and to reentry after deportation in violation of 8 U.S.C. § 1326. Magistrate Judge Carl Horn, after conducting a Plea and Rule 11 Hearing in which the Court asked Petitioner a series of questions which established the voluntariness of his plea, conditionally accepted Petitioner's guilty plea. (See 5:03cr5, Document No. 14.)

On February 9, 2004, this Court conducted a Sentencing Hearing in this matter.[1] On that occasion, the Court engaged the Petitioner in its standard, lengthy colloquy to ensure that his guilty plea was being intelligently and voluntarily tendered. Petitioner, through an interpreter,

---

[1]The Court notes that it has reviewed a realtime transcript of the Sentencing Hearing that was held on February 9, 2004. This transcript supports the undersigned's personal recollection of that proceeding.

1

stated that he understood the nature of the charges against him; was satisfied with the services of his attorney; was freely and voluntarily entering into the plea; and, in fact, committed the offenses with which he was charged.  The Court reaffirmed its acceptance of the plea and found Petitioner guilty and sentenced Petitioner to a term of 120 months imprisonment on each count to run concurrently plus three years supervised release on count one and eight years supervised release on count two to run concurrently.  Judgment was entered March 3, 2004 and Petitioner did not appeal. Petitioner filed the instant § 2255 motion on May 30, 3007, over 3 years after the judgment was entered [2] alleging that his sentenced violates the Fifth and Fourteenth Amendments because he did not receive a two-level reduction for accepting a final deportation order.  Petitioner also contends that his sentence is unfair because due to his status as an illegal alien he was not entitled to certain benefits that convicted felons who are also United States citizens are entitled to receive.

## ANALYSIS

**I. INITIAL REVIEW AUTHORITY**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein.  In the event it is determined that the petitioner is not entitled to relief, the reviewing Court must dismiss the motion.

---

[2] The Court notes that it appears that Petitioner's Motion to Vacate may be untimely, however, the Court need not address the timeliness of Petitioner's Motion due to the fact that the Court will deny the instant motion based on Petitioner's waiver of his right to challenge his conviction or sentence, except for claims of prosecutorial misconduct or ineffective assistance of counsel, in his plea agreement

Following such directive, this Court has reviewed the Petitioner's Motion to Vacate and the pertinent record evidence. As hereafter explained, such review clearly establishes that the Petitioner is not entitled to any relief on his claims.

## II. PETITIONER HAS WAIVED HIS RIGHT TO RAISE THE CLAIMS CONTAINED IN HIS MOTION

Petitioner's Plea Agreement specifically sets forth that Petitioner waived his right to challenge his sentence or conviction in post-conviction motions except for claims of ineffective assistance of counsel and prosecutorial misconduct. (Plea Agreement ¶ 13, document No. 13 5:03cr5.) At his Rule 11 hearing, Petitioner swore under oath that, among other things, he understood that he was waiving his right to challenge his sentence or conviction in a post-conviction proceeding.[3]

The Fourth Circuit repeatedly has approved the knowing and voluntary waiver of a defendant's appellate rights.[4] Moreover, the Fourth Circuit has recently expanded the general rule concerning appeal waivers to hold that a defendant may waive in a plea agreement his rights under § 2255 to attack his conviction and sentence collaterally. United States v. Lemaster, 403 F.3d 216 (4th Cir. 2005). Consequently, inasmuch as the Petitioner has not alleged or suggested

---

[3] In accordance with the law, this Court has placed great weight on the Petitioner's representations at his Rule 11 Hearing. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) (representations made by a defendant at a plea hearing, as well as any findings made by the judge, constitute a formidable barrier in any subsequent collateral proceeding).

[4] See, e.g. United States v. Blick, 408 F.3d 162, 172 (4th Cir. 2005); United States v. General, 278 F.3d 389, 399-401 (4th Cir. 2002); United States v. Brown, 232 F.3d 399, 402-406 (4th Cir. 2000); United States v. Brock, 211 F.3d 88, 92 n.6 (4th Cir. 2000); United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); United States v. Davis, 954 F.2d 182, 185-86 (4th Cir. 1992); United States v. Wessels, 936 F.2d 165 (4trh Cir. 1991); and United States v. Wiggins, 905 F.2d 51, 52-54 (4th Cir. 1990) (defendant may waive right to appeal, just as he may waive more fundamental rights such as the right to counsel and the right to a jury trial.)

that his Plea Agreement somehow is invalid, this Court concludes that the Agreement's waiver provision is valid and fully enforceable, and that it stands as an absolute bar to the Petitioner's attempts to challenge his conviction and sentence on the grounds raised in his Motion to Vacate.

## III. PROCEDURAL BAR

Even if Petitioner had not waived his rights to raise these claims in a § 2255 proceeding, he has procedurally defaulted these claim. Claims that could have been raised on appeal, but were not, are procedurally defaulted. See Bousley v. United States, 523 U.S. 614, 621-22 (1998) (habeas review is an extraordinary remedy and will not be allowed to do service for an appeal). A review of the record reveals that Petitioner did not file a direct appeal and therefore he did not raise these claims on direct appeal. Petitioner does not sufficiently allege any basis for finding that cause and prejudice exists to excuse his procedural default, nor does he allege that he is actually innocent. Accordingly, his failure to raise these claims on direct review has resulted in their being procedurally defaulted. Id.

## CONCLUSION

The Court's initial review of the Petitioner's Motion to Vacate and the relevant record evidence conclusively shows that Petitioner is not entitled to review of the claims contained in his Motion to Vacate as he has waived his right to seek collateral review of such claims in his Plea Agreement and, in the alternative, the claims contained in the instant Motion to Vacate are procedurally barred. Therefore, Rule 4(b) of the Rules Governing Section 2255 Proceedings requires this Court to dismiss the instant Motion to Vacate.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate (Document NO. 1) is **DENIED AND DISMISSED.**

**SO ORDERED**.

Signed: July 9, 2007

Richard L. Voorhees
United States District Judge